By the Court, E. Darwin Smith, J.
The findings of the referee upon the facts make out a clear case of negligence against the defendant, in the transportation and delivery of the property in question. The referee finds that the contract for the shipment of the goods was orally made by the plaintiffs with the agent of the defendant, at Clyde in this State, on the 24th of January, 1865, and the goods delivered to and received by the defendant’s agent on that day, and the price for their transportation to Albany and part to New York then paid; and that the said goods were forwarded east on the same day, and the same did not arrive in Albany till the 27th day of February, thereafter. That from the 24th day of January, to February 10th or 15th, freight cars were running over the defendant’s road with ordinary regularity, and that the usual time required by the defendant to transport freight from Clyde to Albany, over its road, was 48 hours, and to New York city about three days. The evidence fully warrants the finding of the referee that the failure of the defendant to deliver said freight within a reasonable time after its receipt was the result of the negligence of the defendant, and its agents. If the defendant is responsible for negligence in the transportation and delivery of said property, there is no ground for the reversal of the findings of the referee upon the facts or the law, or of the judgment rendered by him. The defendant claims exemption from liability for the loss sustained by the plaintiffs, *382 chiefly on the ground that the contract between the parties is contained in the receipts or shipping bills given to the plaintiff, which were accepted by him, for the property, and never returned or repudiated or in any way disclaimed. These receipts or shipping bills were produced in evidence and were all printed, except the names of the parties, dates, times and description of the property shipped. It is not pretended that these bills or receipts express the actual contract made between the parties for the shipment of the property. This was orally made, on the 24th of January, when one of the plaintiffs was advised by the defendant’s agent to wait until the third day, as the referee finds; before he started for New York to receive the goods, as that would be about the time said goods would arrive in New York. The goods were consigned to Charles A. White, one of the plaintiffs, and it appears that on the third day after the shipment, and before he started for Albany, said White received these bills from the defendant’ s agent at Clyde. The receipt of these shipping bills by Mr. White, under the circumstances, just as he was starting for New York to receive and dispose of the property, as evidence that he was the owner and consignee of such property, should not be considered, I think, as implying any change or modification of the contract, for the transportation of said goods, originally made, upon their delivery three days previously, unless it distinctly appeared that the contents of such bills were fully known, and were expressly assented to by him. In this view, and inasmuch' as the referee expressly finds that neither of the plaintiffs knew or were informed of the printed parts of said bills, at the time of their receipt, it is quite clear, I think, that the defendant must be held to have received such property for transportation subject to its common law liability as a common carrier, within the cases of Brown v. Eastern R. R. Co., (11 *383 Cush. 99 ;) Prentice v. Decker, (49 Barb. 30 ;) Limburger v. Westcott, (Id. 290;) Blossom v. Dodd, (43 N. Y. 264,). and Gage v. Jaquith, (1 Lans. 208 ;) and are clearly liable for negligence, as held by the referee, for its failure to deliver said property within a reasonable time after its receipt.
[Fourth Department, General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. D. Smith, Justices.]
The judgment should therefore be affirmed.