## SILAS R. HILL, PLAINTIFF, *v.* THE SYRACUSE, BING-HAMTON AND NEW YORK RAILROAD COMPANY, DEFENDANT.

*Parol contract — when not merged in subsequent written contract — Bill of lading.*

Plaintiff delivered a quantity of wool to the defendant in pursuance of, and relying upon a parol contract that it should be shipped within two weeks; afterwards and upon the same day receipts were given to him by which defendant was exempted from all liability arising from delay; plaintiff did not examine the receipts, except to see that the weights were correct, until the next day, nor did he discover the condition until that time. The wool was not shipped for two months, by which time the price had declined nearly thirty cents per pound. In an action to recover the damages occasioned by the delay,

*held,* that the parol agreement was not merged in the receipts, and that the plaintiff was entitled to recover.

*Bostwick* v. *Balt. and Ohio R. R. Co.* (45 N. Y., 712) followed.

MOTION for a new trial upon exceptions ordered to be heard in the first instance at the General Term, after a verdict by the jury in favor of the plaintiff.

*R. A. Stanton,* for the plaintiff.

*Geo. N. Kennedy,* for the defendant. The written contract and receipt, with the conditions and rules forming a part thereof, is the actual agreement between the parties, and being in the nature of a contract, limiting the common-law liability of common carriers, cannot be altered, changed or modified in its legal effect, by parol evidence of any talk between the plaintiff and the freight agent of defendants, preceding its execution. (*Long* v. *N. Y. C. R. R. Co.,* 50 N. Y., 76; *Belger* v. *Dinsmore,* 51 id., 166; *Collender* v. *Dinsmore,* 55 id., 204; *Steers* v. *Liverpool, New York and Philadelphia Steamship Co.,* 57 id., 1; *Magnin* v. *Dinsmore,* 56 id., 168; *Steiger* v. *Erie Railway Co.,* 12 S. C. N. Y. [5 Hun], 345.)

BOARDMAN, J.:

The plaintiff delivered a quantity of wool at defendant's depot, at Whitney's Point, to be carried to New York city. Plaintiff gave evidence tending to show that before the delivery of the wool he made a parol agreement with the person in charge, that the wool should be shipped by defendant within two weeks, and that upon the faith of such agreement, the delivery was made. Afterwards, and on the same day, as plaintiff was about to start for his home, some twenty-six miles distant, he received from defendant's agent at the depot, some receipts for the wool, but examined them no further than to see that the weights were correct, and then put them in his pocket, and did not notice the conditions thereon until next day. By such conditions the defendant was exempted from liability arising from any delay. The wool was not shipped until nearly two months after. In the mean time the value of the wool in market had fallen off nearly thirty cents per pound. The plaintiff brings this action to recover this difference in value as damages, relying upon the breach of the parol contract to ship

within two weeks. The defendant relies upon the terms and conditions of its receipt given to plaintiff, whereby it claims to be exempt from liability. The case has been three times tried, the plaintiff succeeding on each occasion.

The verdict of the jury establishes the making of the parol contract as alleged by plaintiff, the delivery of the wool thereunder, and the subsequent acceptance by plaintiff of the receipts without notice or knowledge, on that day, of their contents; it also establishes, so far as it can be a question of fact, that it was not plaintiff's intention to make such a contract as is contained in the printed matter contained on the receipts, nor to merge or extinguish his prior parol contract by the acceptance of such receipts.

All that remains for us to decide is, whether, as a matter of law, the receipt expresses the contract between the parties; if it does, the plaintiff is remediless. Otherwise, the verdict of the jury will be conclusive, and must stand.

The case of *Bostwick* v. *Balt. and Ohio R. R. Co.* (45 N. Y., 712) was relied upon at the Circuit. In that case, RAPALLO, J., says: " The verbal agreement had been acted upon, and under it plaintiff had parted with all control over his goods. The rule that the prior negotiations are merged in a subsequent written contract, does not apply to such a case as this. If the plaintiff had expressly assented to the terms of the bill of lading subsequently delivered to him, such assent would operate as a change of the contract originally made, and under which he had parted with his property, but after the verbal agreement had been consummated, and rights had accrued under it, the mere receipt of the bill of lading, inadvertently omitting to examine the printed conditions, was not sufficient to conclude the plaintiff from showing what the actual agreement was under which the goods had been shipped." This language applies directly to the case under consideration. The goods in the case cited had been in fact shipped when the receipts were delivered. It was therefore impracticable for the shipper to resume possession of his property. In the present case, it was in the power of the plaintiff to surrender his bills of lading, and resume possession of his wool, but it is not apparent how that circumstance affects the principle enunciated. In either case the contract actually made between the parties, by which the defendant

acquires possession and control of the property, is made to prevail rather than a contract which was not within the intention of plaintiff, and probably not within the intention of the agent of the defendant. In either case it was the substitution by carelessness and mistake, of the usual bill of lading, instead of adapting it to the contract actually made. So this verdict might stand if the bill of lading had been delivered simultaneously with the delivery of the property, if the jury was satisfied of the mistake. (*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y., 76.) There is no evidence of any intention to modify the parol contract when the receipts were given. If that effect is produced, it will be in obedience to a presumption arising from the contents of the receipts, proved by plaintiff to be false, and without any positive evidence of its truth.

The same principle is again affirmed in *Coffin* v. *N. Y. C. R. R. Co.* (64 Barb., 379; affirmed in the Court of Appeals without an opinion, 56 N. Y., 632; *Goodrich* v. *Thompson*, 44 N. Y., 324.)

Unless there be some rule of law compelling us to recognize a merger of a parol agreement in a subsequent written contract, in the absence of and in hostility to such an intention, the parol agreement in this case should stand, because under the verdict of the jury it is the agreement under which the parties acted, in the delivery by one and the acceptance by the other of the property. By what right, then, can the defendant, without express evidence of assent on the part of the plaintiff, change such contract so as to exempt it from a duty and liability specially contracted for? Courts do not favor the doctrine of merger where it would violate the intention of the parties, and work injustice. (*Witbeck* v. *Waine*, 16 N. Y., 532.) If these conclusions are correct, no error was committed in declining to charge the jury that the receipts furnished the evidence of the contract, and that the parol contract was merged in the receipts and conditions thereto annexed. No exception appears to have been taken to the charge as made in reference to these contracts, nor was there any request to submit to the jury to find and determine the intention of the parties, touching the effect to be given to the receipts.

I have assumed, for the purpose of this opinion, that if the terms of the receipts controlled, the defendant would not be liable. I think that is true, because there is no evidence of gross negligence

on the part of the defendant in not sooner forwarding the wool; the effect of storms upon the road necessarily delayed the shipment of property. But in any event that would be a question of fact for the jury, and if it is of any importance in this case it has been found against the defendant.

I do not see any error in the other points urged by the defendant why a new trial should be had.

For the reasons given, the motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict with costs.

Present — LEARNED, P. J., and BOARDMAN, J. BOCKES, J., not acting.

New trial denied and judgment ordered on the verdict, with costs.

As to the duty of the shipper in ordinary cases to examine the contents of a receipt, see *Kirkland* v. *Dinsmore* (62 N. Y., 171). — [REP.