Curtis, C. J., concurring.
The decision in the case of Blossom v. Dodd (43 N. Y. 264), governs the present case. The evidence sustains the finding of the jury that there was no contract. In this case, as in Blossom *364 v. Dodd, no intimation was given that the memorandum handed back (apparently as a receipt for the plaintiff’s baggage), contained a contract to limit the carrier’s ’ liability.. The same circumstances also exist to repel the idea of a contract. There is the same impossibility .to read in the dimly-lighted car; and the printing in fine type of the so-called contract, though not quite so fine, is made still more illegible by night in the present case than in that, from being printed in pale green ink. The case of Kirkland v. Dinsmore (62 N. Y. 179), refers to the ruling in Blossom v. Dodd (supra), and maintains the distinction between a traveler receiving a card or ticket for his convenience, and protection in having his luggage carried by a porter from a railway station to his lodgings, and the transaction of commercial business through bills of lading and other instruments of that character.
No case holds that a traveler, receiving a receipt of .this nature, and under like circumstances, where it is impossible to read it, and no intimation is given him of its embracing a contract, is bound by such contract.
. Besides, there are intrinsic difficulties in extending any such immunity from liability, to parties engaged in the porterage of travelers’ baggage at night in large communities. The printing near the commencement of the receipt, the words “Domestic Bill of Lading,” does not obviate the. distinction drawn in the cases above referred to, though possibly so intended.
The court properly left the questions of fact, arising on the trial, to the jury.
I concur in the affirmance of the judgment and order appealed from.