MERRILL v. AMERICAN EXPRESS COMPANY.

In the absence of statutory provisions, common carriers may by special contract limit their liability, at least against all risks but their own negligence or misconduct.

Whether, in any particular case, a party uses the care and diligence which the situation requires, is to be determined as a question of fact.

The knowledge of the receiving agent of a common carrier as to the character of goods taken for transportation is deemed to be the knowledge of his principal.

Where the receipt or bill of lading given by an express company provides that, in case of loss, proof shall be made within a limited time and in a particular manner, if notice of loss is given within the time limited and no objection is made to its sufficiency, but the objection to payment is put by the company upon other grounds, all defects in such notice will be regarded as waived.

CASE, for negligence in the delivery of a box of poultry which the defendants undertook to carry for hire from Conway, N. H., to Haverhill, Mass.

Facts found by a referee. The box was sent from Conway on December 19, 1881, and reached Haverhill December 20. The defendants' agent at Conway gave to the consignor a receipt containing printed conditions similar to the following: "which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions, namely: This Company is not to be held liable for any loss or damage, except as forwarders only, nor . . . for any loss of or damage to said property or any part thereof, from any cause whatever, unless in every case the said loss or damage be proved to have occurred from the fraud or gross negligence of said company or their servants; nor in any event shall this company be liable for any loss or damage, unless the claim thereof shall be presented to them in writing at this office within ninety days after this date in a statement to which this receipt shall be annexed. The party accepting this receipt hereby agrees to the conditions herein contained."

The referee finds that the defendants used reasonable care in endeavoring to deliver the goods to the consignee, but were unable to find him. The box was not advertised as containing poultry, but the fact that it contained poultry was known to the defendants' receiving agent at Conway. The plaintiff claims, that when the defendants failed to find the consignee at Haverhill, they should either have returned the goods to the consignor at Conway, or placed the box in the refrigerator where perishable goods were kept; and the plaintiff further claims, that the knowledge of the

receiving agent at Conway was notice to the defendants that the goods were perishable. If the court holds that such duty to preserve or return to the consignor (defendants having such knowledge as herein appeared) was a legal duty incumbent on the defendants, then the referee finds that the defendants neglected this duty, and are liable for the value of the goods (unless discharged by failure to comply with printed conditions). If the court holds that such duty to preserve, or return to the consignor, was not legally incumbent on the defendants, then the defendants are not liable.

Within ninety days from the delivery of the goods to the defendants, the attorney for the plaintiff wrote and mailed a letter to the defendants' general superintendent in Boston stating the circumstances of the loss, and claiming damages in the sum of $15.25, but did not annex the defendants' receipt to the same.

The court ordered judgment for the plaintiff on the report, and the defendants excepted.

*F. B. Osgood*, for the plaintiff.

*S. W. Fife* (of Maine) and *J. G. Hall*, for the defendants.

BLODGETT, J. The gist of the plaintiff's declaration is for negligence on the part of the defendants in the delivery of a box of poultry, which, as common carriers for hire, they undertook to carry from Conway, in this state, to Haverhill, Massachusetts, and safely deliver to one Merrill. It is obvious that there can be no recovery upon the declaration as it stands, because it is found as a fact that the defendants carried the goods safely to their place of destination, and used all reasonable care in endeavoring to deliver them to the consignee, but were unable to find him. But inasmuch as application to amend may be made at the trial term, and leave probably granted upon terms of indemnity, the case has been considered as if the declaration were in accordance with the facts.

In the absence of any statute upon the subject, the law is now well settled that common carriers may by special contract limit their ancient common-law liability, at least against all risks but their own negligence or misconduct. *Squire* v. *New York Central Railroad Company*, 98 Mass. 239, 245, and cases cited.

By the receipt or bill of lading delivered to the plaintiff as the contract of the defendants, and which, so far as appears, he took without objection, and to which, in the absence of fraud or imposition, it must be presumed that he assented (*Grace* v. *Adams*, 100 Mass. 505, 507, *Bank* v. *Adams Express Co.*, 93 U. S. 174, *Kirkland* v. *Dinsmore*, 62 N. Y. 171, *Hoadley* v. *Transportation Co.*, 115 Mass. 304, 306), it is expressly stipulated that the defendants shall not "be held liable except as forwarders only;" and so when the goods were safely carried to their place of destination, and the

defendants were unable, in the exercise of proper diligence, to deliver them to the consignee for the reason that they could not find him, their responsibility and obligation as common carriers terminated, because they had done all they contracted to do and all they were paid for doing.  But although the contract was for the transportation and delivery of the goods, and not for storage, nor for their preservation against the laws of nature or their own inherent defects (*Rixford* v. *Smith*, 52 N. H. 355), nevertheless the defendants were not absolved from all duty and responsibility in respect to the goods when their liability as common carriers ended, because they then became depositaries by force of law, and as such were bound to take such reasonable care of them as they knew, or should have known, was necessary for their safety or preservation; and upon this point the knowledge of their agent at Conway as to the character of the goods must be deemed to be the knowledge of the defendants.

But while as depositaries they were bound to take care of the property, it was only for the accommodation and benefit of the owner and not of themselves, and therefore their liability was for gross negligence only (*Smith* v. *R. R.*, 27 N. H. 86), by which is meant the failure to bestow the little care due from them as simple depositaries; for by whatever epithet negligence may be characterized as to degrees, it is simply the failure of a party from whom care and diligence are due to use the care and diligence which the situation requires.  Whether these defendants used such care obviously depends upon a variety of considerations, such as the nature of the property, its condition and value, the expense and safety of returning it to the plaintiff, the probability of speedily finding the consignee, the state of the weather, their facilities for storage, the extent of this kind of business done by them at their Haverhill office, and upon all the facts and circumstances of the case; and for this reason we cannot say, as matter of law, whether it was a legal duty incumbent on the defendants either to store the goods in a refrigerator, or to return them to the plaintiff. It follows, that the question on this point submitted by the referee for decision must be decided by himself, and the report must be recommitted for this purpose.

But one other question arises in the case, and that is as to the effect of the plaintiff's failure to give notice of the loss as required by the terms of the receipt.

It has been held in this state that a notice unassented to by the shipper is of no avail to restrict the liability of the carrier (*Moses* v. *B. & M. R. R.*, 24 N. H. 71); but the liability may be restricted by contract.  *Ib.; Barter* v. *Wheeler*, 49 N. H. 20, 30, 31. Such contracts almost uniformly contain a condition relating to the time and manner of presenting claims for damages; and the courts are said to have been liberal in sustaining the condition.  Laws. Cont., Carriers, s. 120.  Still, it has been held that a receipt con-

taining a clause exempting an express company "from any loss or damage whatever, unless claim shall be made therefor within ninety days from the delivery to it" of the goods, will not bar a suit against the company for non-delivery of the goods themselves— that not being a suit for loss or damage (*Porter* v. *Express Co.*, 4 S. C. 135); that such a clause is not a condition precedent to a plaintiff's right to recover, but rather in the nature of a limitation, and so cannot be availed of upon trial unless set up in the defendant's answer (*Westcott* v. *Fargo*, 61 N. Y. 542); and that a contract stipulating that all claims for damages should be presented at a certain office of the company for settlement did not make such presentation of them a condition precedent to the company's liability, and that their readiness at that office to make settlement went only in defence of interest and costs, and not to the cause of action.

But without regard to these authorities, we think the stipulation as to notice cannot be distinguished in principle from the ordinary condition in insurance policies requiring the insured to furnish preliminary proofs, in case of loss, within a specified time, and to be executed and verified in a particular manner; and the doctrine is well established in this state that where the proofs are furnished within the time limited, and no objection is made to their sufficiency, but the objection to payment is put by the underwriter upon other grounds, all defects in such proofs will be regarded as waived. *Taylor* v. *Ins. Co.*, 51 N. H. 50, 54, 55, and cases cited. If, therefore, the defendants, upon receipt of the letter from the plaintiff's attorney stating the circumstances of the loss and claiming damages in the sum of $15.25, did not seasonably call the attention of the plaintiff or his attorney to the failure to give notice as required by the receipt, they are now estopped to deny the sufficiency of the notice.

The report is recommitted.

*Exceptions sustained.*

CLARK, J., did not sit: the others concurred.