### BRUNNER v. PLATT.

(Supreme Court, Appellate Term. June 13, 1906.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

Where the owner of a suit case knew the custom of an express company to give receipts limiting its liability for loss of goods shipped, and authorized his agent to deliver the suit case to the company and pay the charges and take a receipt, the agent had authority to assent to a provision in the receipt limiting the company's liability.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William Brunner against Thomas C. Platt, as president, etc. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Boardman, Platt & Soley, for appellant.
M. S. & I. S. Isaacs, for respondent.

DAVIS, J.　Action brought to recover the value of a suit case and contents lost in transit by the United States Express Company. The plaintiff recovered $150, the stipulated value of the goods lost together with costs, notwithstanding a provision in the express company's receipt limiting its liability to $50. This receipt was given to plaintiff's servant at the time of the delivery of the suit case to the company's agent. The question to be determined on this appeal is whether the facts in this case show that the receipt given to the plaintiff's servant constituted a valid contract of shipment between the plaintiff and the express company. This involves the question of whether the servant who accepted the receipt must be deemed under the special circumstances of this case to have been clothed with authority from the plaintiff to make the contract of shipment set forth in the receipt.

On December 21, 1905, the plaintiff called at the company's office and left an order for the company to call at his home for a suit case. He also stated that it was to be taken to Lakewood, N. J. The defendant's agent told plaintiff that their wagon would be there at 10 o'clock next morning. The plaintiff is in the commission business and makes many shipments by express and by freight. From the above facts it is fair to assume that plaintiff had a fair amount of information as to the course of business in making shipments by express, including knowledge of the custom of the express companies to carry goods at reduced rates under a limited liability contract such as the one in evidence. The expressman called December 22, 1905, and received the suit case from plaintiff's servant, together with the charges. In return he gave her a receipt limiting its liability to $50. The servant took no particular notice of the receipt. It came into possession of the plaintiff the same day. The plaintiff had told his servant that the express company would call for the grip that day, and he directed her to give it to the expressman, pay the charges, and get a receipt. The servant had sent these bags by express on other occasions for the plaintiff, who traveled "considerably." I think the evidence in this case shows that the plaintiff's servant was given full authority to represent him in shipping this suit case and to assent to the terms and conditions contained in this particular receipt. Whether or not the servant read the receipt is immaterial. Having authority to assent to its terms, her acceptance of the receipt must be deemed to be an assent, in the absence of fraud or deceit upon the part of the defendant company. Kirkland v. Dinsmore, 62 N. Y. 171, 179, 20 Am. Rep. 475. The case at bar is analogous to the case of Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575, in which the property was delivered to the express company by the plaintiff's wife, who also took the receipt from the company.

We think that plaintiff's contention that the contract of shipment was made on December 21, 1905, when he called and left the order at the company's office, is without merit. We therefore conclude that the receipt in question is a valid contract between the express company and the plaintiff, and that plaintiff's recovery should have been limited to $50.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.