## DUKES COUNTY.

### John B. Smith *vs.* Samuel Keniston.

Under a vote of a town to pay a person a certain sum "for collecting taxes the ensuing year, and that he be a constable with the authority given by law to town treasurers," passed upon an article in the warrant for the town meeting "to choose all necessary town officers for the year ensuing," he has no authority to issue a warrant under the Gen. Sts. c. 18, §§ 58, 73, for the arrest of a person delinquent in the payment of a tax assessed in a previous year.

If a jailer appointed by the sheriff holds imprisoned a delinquent taxpayer arrested and committed to the jail by an officer on a warrant issued by a collector of taxes which contains no recital of authority for its issue, the sheriff, in an action against him by the prisoner for false imprisonment, cannot justify under the warrant, if there was no such authority in fact.

Tort against the sheriff of Dukes County for false imprisonment of the plaintiff in the jail at Edgartown. The defendant justified under a warrant signed by "C. G. M. Dunham, Collector of the town of Edgartown," dated August 14, 1866, directing the collection from the plaintiff of a tax assessed on him in Edgartown "for the year 1865 in the lists committed to me for collection by the assessors of Edgartown," but containing no recital of authority for its issue; and a return thereon signed by "Jason L. Dexter, Constable," that by virtue of the warrant, and for want of goods and estate of the plaintiff, and for his having neglected payment after fourteen days' notice, he arrested the body of the plaintiff, and committed him to jail, &c. The case was submitted to the judgment of the full court on a statement of agreed facts, of which the following is the material part:

"On August 15, 1866, the plaintiff was arrested on the warrant, in Edgartown, by Jason L. Dexter, a constable of that town, and committed to the jail, where he was kept imprisoned for seventy days. The defendant was sheriff during that time, and Samuel S. Daggett was keeper of the jail, appointed by him. The defendant personally did no act in regard to the imprisonment of the plaintiff, except that, in September, on being applied to by an attorney of the plaintiff to order his discharge, he de-

Smith *v.* Keniston.

clined to give any order or take any action in the matter, and said he should not release the prisoner, as he deemed his authority sufficient to hold him. Before then, the plaintiff also frequently asked the defendant to let him out; and the defendant refused to do anything about it. The plaintiff offered to prove that Dunham, whose name appears at the foot of the warrant, had no appointment or authority to issue it other than by virtue of a vote of the town, at a meeting held April 2, 1866, ' to pay C. G. M. Dunham $125 for collecting taxes the ensuing year, and that he be a constable with the authority given by law to town treasurers;' that the meeting was not notified for that purpose, and no article in the warrant therefor had any relation to the subject of said vote, unless an article ' to choose all necessary town officers for the year ensuing;' and that Dunham was not treasurer of the town."

It was agreed that, if on these facts the plaintiff was entitled to recover, damages should be assessed by a jury; otherwise the plaintiff should become nonsuit.

*T. M. Stetson,* for the plaintiff.

*G. Marston,* for the defendant.

CHAPMAN, C. J. The plaintiff was committed to the custody of the defendant as sheriff, by being committed to the jail, under his charge, on the 15th of August 1866. The commitment was by a constable, by virtue of a warrant issued by Dunham, the collector of taxes for the town of Edgartown for the year 1865. As collector for that year, Dunham had only the ordinary power of a collector of taxes, and this did not include the power to issue such a warrant. At a town meeting held April 2, 1866, the town voted to pay Dunham $125 for collecting taxes the ensuing year, and that he be a constable, with the authority given by law to town treasurers. Gen. Sts. *c.* 18, § 73. But this vote did not by its terms apply to the collection of the taxes for the prior year; so that this warrant was issued by him without authority; and it contained no recitals sufficient to protect the defendant, there being no authority in fact *Cheever* v. *Merritt,* 5 Allen, 565 *Judgment for the plaintiff.*