RICHARD GRACE *vs.* ALVIN ADAMS & others.

The receipt, without dissent, by a consignor, of a bill of lading by which the carrier stipulates against liability for loss by fire, discharges the carrier from liability for loss by fire, not caused by his own negligence.

In an action against a carrier, evidence is not admissible, in the absence of fraud, to show that the consignor did not read the terms of the bill of lading delivered to him by the carrier.

CONTRACT, against the defendants, who carried on business under the name of the Adams Express Company, to recover the value of a package of money. In the superior court, judgment was ordered for the plaintiff on agreed facts, and the defendants appealed. The agreed facts were as follows :

" It is agreed that the plaintiff delivered to the Adams Express Company, as common carriers, at Wilmington, in the State of North Carolina, March 21, 1865, a package containing one hundred and fifty dollars, directed to Patrick Corbett, Taunton, Massachusetts, and the said Express Company at the same time delivered to the plaintiff a bill of lading, a copy whereof is hereto annexed, and which makes part of this statement; that the said Express Company shipped said package with other packages from Wilmington by the steamship General Lyon, which ship was accidentally burnt at sea, and said package thereby destroyed. It is further agreed, if evidence of the fact be admissible, that the plaintiff would testify that when the plaintiff delivered the package and took the bill of lading, a copy of which is annexed he did not read the same."

The material parts of the bill of lading, of which the copy was annexed, were as follows :

" Adams Express Company. Great Eastern, Western & Southern Express Forwarders. $150. Form 5. Wilmington, March 21, 1865. Received from ———— One P., Sealed and said to contain one hundred and fifty dolls. Addressed, Patrick Corbett, Taunton, Mass.

" Upon the special acceptance and agreement that this company is to forward the same to its agent nearest or most convenient to destination only, and there to deliver the same to other parties to complete the transportation — such delivery to terminate all liability of this company for such package ; and also, that this company is not to be liable in any manner or to any extent for any loss, damage, or detention of such package, or of its contents, or of any portion thereof, . . . . occasioned by the dangers of railroad transportation, or ocean or river navigation, or by fire or steam. For the Company. Robinson."

*M. Norton,* for the plaintiff.

*H. C. Hutchins,* for the defendants.

COLT, J. It is to be received as now settled by the current and weight of authority, that a common carrier may, by special contract, avoid or limit his liability at common law as an insurer of property intrusted to him against loss or damage by fire, occurring without fault on his part. It is not necessary to discuss here, how far in this or other respects he may escape those liabilities which the policy of the law imposes, by mere notices brought home to the employer, or whether the effect of such notices may not be held to vary according as it is attempted to avoid those extraordinary responsibilities which are peculiar to common carriers, or those other liabilities under which they are held in common with all other bailees for hire. *Judson* v. *Western Railroad Co.* 6 Allen, 486. *York Co.* v. *Central Railroad Co.* 3 Wallace, 107. *Hooper* v. *Wells,* 27 Calif. 11; and see article by Redfield, with collection of authorities, 5 Am. Law Reg. (N. S.) 1.

It is claimed here that the shipping receipt or bill of lading constituted a valid and binding contract between the parties

and that, upon the loss at sea of the plaintiff's package in the course of its transportation under the contract, by an accidental fire, the defendants were discharged from any obligation to the plaintiff in regard to it; and the court are of opinion that this claim must be sustained.

The receipt was delivered to the plaintiff as the contract of the defendants; it is in proper form; and the terms and conditions are expressed in the body of it in a way not calculated to escape attention. The acceptance of it by the plaintiff, at the time of the delivery of his package, without notice of his dissent from its terms, authorized the defendants to infer assent by the plaintiff. It was his only voucher and evidence against the defendants. It is not claimed that he did not know, when he took it, that it was a shipping contract or bill of lading. It was his duty to read it. The law presumes, in the absence of fraud or imposition, that he did read it, or was otherwise informed of its contents, and was willing to assent to its terms without reading it. Any other rule would fail to conform to the experience of all men. Written contracts are intended to preserve the exact terms of the obligations assumed, so that they may not be subject to the chances of a want of recollection or an intentional misstatement. The defendants have a right to this protection, and are not to be deprived of it by the wilful or negligent omission of the plaintiff to read the paper. The case of *Rice* v. *Dwight Manufacturing Co.* 2 Cush. 80, 87, is an authority in point. In an action to recover for work done, the defence was that the work was performed under a special contract, and a paper of printed regulations was shown to have been given to and accepted by the plaintiff as containing the terms of the contract, but which was not signed by either party. The plaintiff denied knowledge of its contents; but it was said by Forbes, J., that where a party enters into a written contract, in the absence of fraud he is conclusively presumed to understand the terms and legal effect of it, and to consent to them. See also *Lewis* v. *Great Western Railway Co.* 5 H. & N. 867; *Squire* v. *New York Central Railroad Co.* 98 Mass. 239.

This case, then, is brought within the rule which authorizes

carriers to relieve themselves from losses of this description by express contracts with the employer. It differs from the cases of *Brown* v. *Eastern Railroad Co.* 11 Cush. 97, and *Malone* v. *Boston & Worcester Railroad Co.* 12 Gray, 388. The limitation relied on in both those cases was in the form of a notice printed on the back of a passenger ticket, relating to baggage; and it was held that there was no presumption of law that the party, at the time of receiving the ticket, had knowledge of the contents of the notice. It is obvious that in those cases the ticket was not designed to be held as the evidence of the contract between the parties. The contract, which was of passenger transportation, was not attempted to be set forth. At most, it was but a check, to be used temporarily and then delivered to the conductor as his voucher, with these notices on the back. The presumption that every man knows the terms of a written contract which he enters into, therefore, did not apply. Nor was the acceptance of the ticket conclusive evidence of assent to its terms.

The recent case of *Buckland* v. *Adams Express Co.* 97 Mass. 124, requires notice, because, upon a case in most respects similar to this, a different result was reached by the court. The legal principles upon which that case was decided are those here stated. It was a case upon an agreed statement of facts; and the difference resulted in the application of the law to the facts then presented. It is to be noticed that the receipt containing the limitation relied on was in that case delivered to a workman in the employ of a stranger, who, so far as it appears, had, in that particular instance only, been requested by the plaintiffs to deliver the parcel in their absence, and as a mere favor to them. And it further appeared that the previous course of dealing between the parties was such that, in a majority of instances in which the plaintiffs had employed the defendants to transport like packages, no receipt was made out, and no special contract insisted upon. Under such circumstances, it was held that it could not fairly be inferred that the plaintiffs understood and assented to the contents of the receipt as fixing the terms on which the defendants were to transport the merchandise, or that the workman had authority to make an unusual contract.

The same remarks apply to the case of *Perry* v. *Thompson*, 98 Mass. 249, which is to be distinguished from the case at bar by the fact that, in the previous dealings of the parties, property had been received and carried without any notice relating to the carrier's liability having been given, and by the further fact that, when the notice in that instance was received, the printed parts of it were so covered up by the revenue stamp affixed to the receipt that it could not be read intelligibly.

So in *Fillebrown* v. *Grand Trunk Railway Co.* 55 Maine, 462, it was held that, when a verbal contract for transportation was made without restriction, its legal effect would not be changed by the conditions in a receipt which was subsequently given to the clerk of the consignor, who delivered the goods at the station, but who had no express authority either to deliver or to contract with the defendants.

These cases do not reach the case at bar, where the delivery of the receipt was directly to the plaintiff; nor would they be held decisive in a case where the delivery was made and the receipt accepted under ordinary circumstances by a special or general agent of the owner, not a mere servant or porter, and who might be regarded as clothed with authority to bind the owner in giving instructions and making conditions affecting the transportation. *Squire* v. *New York Central Railroad Co.* 98 Mass. 239. *Judgment for the defendants.*