COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Andrew Martin, claimant.
SAME *vs.* ANDREW MARTIN.

In the St. of 1869, *c.* 415, the provision of § 46, that warrants to search for intoxicating liquors under that statute shall allege that probable cause has been shown for their issue, is imperative, notwithstanding the provision of § 66 authorizing the use of other suitable forms, in prosecutions under the statute, than those therein declared to be sufficient.

A warrant to search for intoxicating liquors under the St. of 1869, *c.* 415, § 44, is void, which omits to allege, in conformity with § 46, that probable cause has been shown for ts issue; and, being thus defective on its face, will not protect an officer in its service.

THE FIRST CASE was a complaint on the St. of 1869, *c.* 415, § 44, to the municipal court of the city of Worcester, for a warrant to search for certain intoxicating liquors alleged to be kept for unlawful sale, in that city, by Andrew Martin. The liquors were seized on the warrant; and Martin was summoned as claimant. He appeared accordingly in the superior court; and, before the jury were empanelled, he filed a motion to quash the proceedings, for the reason, among others, " that it was not alleged in the warrant that probable cause has been shown for issuing the same." This motion *Dewey*, J., overruled; on the trial, judgment was rendered for the forfeiture of the liquors; and the claimant alleged exceptions.

*G. F. Verry*, for the claimant.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J. Before the jury were sworn in the superior court, the claimant filed a motion to quash the proceedings, specifically assigning, as one of the objections thereto, that the warrant did not allege that probable cause had been shown for the issuing of the same. The question is thus presented to us, whether the failure to make this allegation in the warrant is fatal to its validity.

The St. of 1869, *c.* 415, § 46, provides that the warrant " shall allege that probable cause has been shown for the issuing thereof.' Section 66 of the same statute is as follows : " The following forms may be used in prosecutions under this act, and, if substantially followed, shall be deemed sufficient to fully and plainly, substantially and formally, describe the several offences in each of them

set forth, and to authorize the lawful doings of the officers acting by virtue of the warrants issued in substantial conformity therewith ; but this shall not be so construed as to prohibit the use of other suitable forms." The form set forth in § 66, of a warrant to search for and seize liquor, contains the allegation that probable cause has been shown for the issuing thereof.

We are of opinion that the sixty-sixth section does not repeal or annul the provision of the forty-sixth section expressly requiring this allegation to be inserted in the warrant. It is a sound rule of construction that every clause of a statute shall be presumed to have been intended to have some force and effect. *Opinion of Justices,* 22 Pick. 571, 573. When one part of a statute will admit of two constructions, the one consistent with, and the other repugnant to, other parts of the same statute, that construction which is consistent is to be adopted. The purpose of the sixty-sixth section is to provide suitable forms of proceedings under the act, which if substantially followed shall be sufficient, and the object of the last clause is to prevent a failure of justice in cases where a form is adopted which departs in immaterial particulars from the form prescribed, but is in substantial conformity therewith and with the provisions of the statutes. We are of opinion that a form which omits a material allegation expressly required by the statute is not a suitable or sufficient form. By this construction reasonable effect is given to the provisions of both the sections under consideration ; while by the opposite construction the provision of the forty-sixth section would be deprived of all force and effect.

The question before the court in *Holland* v. *Seagrave,* 11 Gray, 207, was different. The St. of 1855, c. 215, § 25, provided that the warrant should allege that probable cause had been shown for the issuing thereof. The subsequent St. of 1855, c. 397, contained the same provisions as those embodied in § 66 of the St. of 1869. The court was of opinion that the subsequent statute, providing that other suitable forms might be used, indicated the intention of the legislature to repeal the provision of the former statute requiring that the allegation of probable cause should be inserted in the warrant. The question in that case was not as to

the construction and force to be given to these two provisions con-
tained in the same statute, but as to the effect of a later statute
upon an earlier one.   By the St. of 1869, c. 415, the legislature
revised the statutes respecting the manufacture and sale of intox-
icating liquors.   By enacting therein the provision that the war-
rant should contain the allegation of probable cause, they clearly
show their intention that the provision shall have the force and
effect of law.   We know of no sound principle of construction
by which we can hold it to be null and of no effect.   The con-
struction contended for by the government would be opposed to
the intention of the legislature, and cannot be adopted.   The re-
sult is, that in the case at bar the warrant was defective and void,
and the proceedings should be quashed.

*Exceptions sustained.*

THE SECOND CASE was an indictment against the claimant in
the preceding case, for an assault upon Edward J. Russell, a dep-
uty of the constable of the Commonwealth, whom another deputy
constable, who served the warrant in that case, after seizing
thereon the liquors in the defendant's tenement, left there as
keeper of them.

At the trial in the superior court, before *Dewey,* J., " the de-
fendant admitted that he laid hands upon the keeper, and removed
him from the premises, after he had given him notice to leave,
using no more force than was necessary to remove him from the
premises ; which facts the government did not seek to contro-
vert."   The judge overruled a motion of the defendant, for a
ruling that the indictment could not be sustained, because the
warrant did not authorize the search and seizure ; the jury re-
turned a verdict of guilty ; and the defendant alleged exceptions.

*G. F. Verry,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J.   This is an indictment for an assault upon Edward
J. Russell, a deputy of the constable of the Commonwealth, while
in the lawful discharge of the duties of his office.   In the pre-
ceding case, this court has decided that the warrant under which
the deputy constable was acting was defective and void, because

it did not allege that probable cause existed for the issuing thereof. It follows, that, the warrant being defective and void on its face, the officer was not justified in remaining on the defendant's premises after being requested to leave; and, as the facts find that the defendant used no more force than was reasonably necessary to remove him, that this indictment cannot be maintained. *Fisher* v. *McGirr*, 1 Gray, 1. *Commonwealth* v. *Crotty*, 10 Allen, 403. *Smith* v. *Keniston*, 100 Mass. 172. *Exceptions sustained.*