ANN McCOY *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Bristol. Oct. 27, 1881. — June 28, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

If an application for a policy of insurance on the life of a person provides that the representations and answers made therein "shall form the basis and become part of the contract of insurance," and "that any untrue answers will render the policy null and void," and the policy recites that it is issued "in consideration of the representations and agreements in the application for this policy, which application is referred to and made a part of this contract," in an action upon the policy the application is to be considered a part of the contract, and if the representations in it are in a material respect untrue, the action cannot be maintained, although the untrue representations were inserted in the application by the agent employed by the defendant to solicit insurance, without the knowledge of the applicant, who orally stated the truth to the agent; and the Sts. of 1861, *c.* 170, and 1864, *c.* 114, do not apply.

In an action upon a policy of life insurance, the declaration in which contains two counts, one for the amount of the insurance, and the other for money had and received, it is not open to the plaintiff to contend upon exceptions in this court that, under the second count, he can recover the amount of the premiums paid, on the ground that the policy never attached, if the question was not raised at the trial.

CONTRACT on a policy of insurance on the life of Ellen McCoy payable to the plaintiff, with a count for money had and received by the defendant to the plaintiff's use. Trial in

the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The policy in question was dated July 5, 1880, and was issued upon an application, purporting to be signed by Ellen McCoy, which provided that " the undersigned hereby declares and warrants that the representations and answers made below, and in the examination on the other side, are strictly correct and wholly true; that they shall form the basis and become part of the contract of insurance, (if one be issued,) that any untrue answers will render the policy null and void, and that said contract shall not be binding upon the company unless at the time of its delivery the insured be alive and in sound health."

Among the questions and answers forming part of the application were the following: Question, " When last sick? " Answer, " Never seriously." Question, " Name and address of physician? " Answer, " None." Question, " Is said life now in sound health? " Answer, " Yes."

The policy recited that it was issued " in consideration of the representations and agreements in the application for this policy, respecting the person named in the schedule hereinafter contained, which application is hereby referred to and made a part of this contract; and in consideration of the payment to said company " of the premiums.

The policy also contained the following conditions: " Sixth. Agents are not authorized to make, alter, or discharge contracts, or waive forfeitures." " Eighth. If the representations upon which this policy is granted be not true, or if the conditions of said policy be not in all respects observed, . . . . this policy shall thereupon become void."

The plaintiff put in evidence tending to show that, on or about June 22, 1880, the plaintiff, at the request of one Hargraves Watson, who was employed by the defendant to solicit insurance on its behalf, and receive and forward applications therefor, consented to take out policies of insurance in said company upon the lives of three of her children, one of whom was the said Ellen; that Watson then asked the plaintiff the name, age and place of residence of each of said children, including Ellen, and the name, age and place of residence of their parents, and the name of the beneficiary, to all which questions the plaintiff

returned true answers. The plaintiff testified that she told Watson, at the time of making said application, that Ellen was sick and could not pass a doctor; and that Watson replied that it would make no difference, they would insure her. Watson, who was one of the plaintiff's witnesses, denied this, and testified that he did not know that the girl was or had been sick until after he had delivered the policy. It also appeared that Ellen, who died on August 25, 1880, of tuberculosis, was attended by a physician during her last illness; and he, being called as a witness by the plaintiff, testified that he first attended Ellen five months prior to her death; that she was then sick with consumption and had been so for some time; and that her condition was then very bad, although he hoped, when he first began to attend her, to arrest the progress of the disease.

The application was filled up by Watson, partly by writing in the answers given by the plaintiff to him as aforesaid, and partly with other answers and representations which were false and untrue, and of which neither the plaintiff nor Ellen had any knowledge; and he signed her name to the application without her knowledge. He then forwarded the application, so filled in, to the defendant, received therefor the policy declared on, and delivered the same to the plaintiff, who accepted it and paid the premiums thereon to Watson, who forwarded them to the company, until the death of Ellen. Watson did not see Ellen, or have any communication with her in reference to said insurance or otherwise, until after the delivery of the policy.

Until the death of Ellen, neither the defendant, nor its officers, nor any of them, had any knowledge of the condition of Ellen's health at the time of making the application or issuing the policy, except as set forth in the application, or that the application had not been signed by Ellen, or that Watson had filled out the application without her knowledge.

It was admitted by the plaintiff, that the answers in the application stating that Ellen had never been seriously sick, had no physician, and was then in sound health, were made by Watson without the knowledge of the plaintiff or Ellen, and were false and untrue; and that the condition of Ellen's health was such that the defendant would not be liable if the application had been written out and signed by Ellen with her own hand.

The plaintiff asked the judge to rule that, if all the answers given by the plaintiff to Watson were true, and if the condition of Ellen was made known to him, and he made all said false answers and representations without the knowledge or consent of the plaintiff or Ellen, it was a fraud on the part of its own agent which the defendant was estopped to deny.

The defendant asked the judge to rule that the representations and agreements contained in the application were a part of the contract of insurance, and were warranties, and, inasmuch as those relating to the sickness of Ellen, and her condition of health, and her employment of a physician, were untrue, the plaintiff could not recover.

The judge declined to rule as requested by the plaintiff, and gave the ruling asked for by the defendant; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. W. Cummings*, for the plaintiff.

*A. J. Jennings*, (*J. M. Morton* with him,) for the defendant.

FIELD, J. The plaintiff contends that Watson was the agent of the company, and that the case is to be governed by *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, and *Insurance Co.* v. *Mahone*, 21 Wall. 152, and other similar cases. But the doctrine of these cases has never been adopted by this court. The exceptions find that Watson " was employed by the defendant to solicit insurance on its behalf, and receive and forward applications therefor."

In an action at law in this Commonwealth on such a policy, to recover the amount of the insurance, the application is considered as a part of the contract, and if in fact the representations in it are in a material respect untrue, the action cannot be maintained; and oral testimony cannot be received to show either that the company when it issued the policy knew that the representations were untrue, or that the untrue representations were inserted in the application by the agent employed by the company to solicit the insurance without the knowledge of the applicant who had orally stated the truth to the agent. *Kibbe* v. *Hamilton Ins. Co.* 11 Gray, 163. *Draper* v. *Charter Oak Ins. Co.* 2 Allen, 569. *Campbell* v. *New England Ins. Co.* 98 Mass. 381. *Miles* v. *Connecticut Ins. Co.* 3 Gray, 580. *Lee* v.

*Howard Ins. Co.* 3 Gray, 583. *Holmes* v. *Charlestown Ins. Co.*
10 Met. 211. *Barrett* v. *Union Ins. Co.* 7 Cush. 175. *Lowell* v.
*Middlesex Ins. Co.* 8 Cush. 127. *Jenkins* v. *Quincy Ins. Co.*
7 Gray, 370.

This case is not affected by the Sts. of 1861, *c.* 170, and 1864,
*c.* 114. *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78.

It is unnecessary to consider whether the statements in the
application amounted to warranties, because the false represen-
tations were plainly material to the risk. The ruling of the
presiding justice was therefore correct, that the plaintiff could
not recover on the policy.

It is now contended that the plaintiff may, under the second
count of the declaration, recover the amount of the premiums
paid, on the ground that the policy never attached. But this
question was not raised in the Superior Court, and is not be-
fore us.                                    *Exceptions overruled.*