H. H. Russell *et al.*, Appellees, v. Fidelity Fire Insurance Company, Appellant.

1. **Fire Insurance**: POLICY: CONDITIONS: OTHER INSURANCE: EVIDENCE. A policy of insurance upon a two-story frame barn on section 10 of a specified township, and upon the hay and grain therein, and conditioned that it should become void if any other insurance should be placed upon the property without consent, will not be deemed invalidated by proof of another policy "on grain in buildings on premises," and on hay "in buildings or in stack on cultivated premises" situated upon eighty acres of land, where it is not shown that the barn and grain insured in the former policy were situated upon such eighty acre tract, though there was proof that the eighty acres was a part of said section. The burden of proof as to the breach of such condition in a policy is upon the insurance company.

2. ———: PROOFS OF LOSS: REQUIREMENTS OF STATUTE. The provisions of section 3, chapter 211, Laws of 1880, requiring the insured to give written notice to the insurer in case of loss, accompanied by an affidavit stating how the loss occurred, is sufficiently complied with if the notice of loss and affidavit are sent to the insurer on successive days.

*Appeal from Humboldt District Court.*—Hon. Lot Thomas, Judge.

Wednesday, December 16, 1891.

Action upon a policy of insurance. There was a verdict and judgment for the plaintiffs, from which the defendant appeals.—*Affirmed.*

*R. W. Barger* and *Spurrier, Coffin & Dowell*, for appellant.

*P. Finch* and *R. M. Wright*, for appellees.

BECK, C. J.—I. The policy in suit covers loss by fire and lightning in the sum of fifteen hundred dollars on a two-story frame barn on section 10, of a specified township, and five hundred dollars on hay and grain therein. It contains conditions to the effect that it shall become void if any other insurance is or shall be put upon the property without written consent indorsed thereon, or if there be any fraud, false swearing or concealment of material facts in the application for the insurance or proof of loss. The answer alleges that, when the policy was issued, another policy, issued by the Des Moines Insurance Company, and held by the plaintiffs, insured in the sum of four hundred dollars the hay and grain covered by the policy issued, of which the defendant had no notice, and to which it gave no consent, and that the plaintiffs, when the policy in suit was issued, falsely and fraudulently declared, in an affidavit made in proof of loss, that they had no other insurance on the property, though they had full knowledge of the prior insurance. The language of the contract of the Des Moines company, so far as it is claimed to cover the property insured by the policy in suit, is as follows: "Two hundred dollars on grain in buildings on premises, and against fire and lightning, in buildings or in stack on cultivated premises; two hundred dollars on hay in buildings on cultivated premises, and against fire and lightning, in buildings or in stack on cultivated premises situated (except as otherwise provided) and confined to eighty acres now owned and occupied by assured in section 10, township 93, range 30, Humboldt county, Iowa. * * * From the 31st day of July, 1885, at 12 o'clock noon, until 12 o'clock noon on the 31st day of July, 1890."

II. As the defendant pleads in defense that in violation of the contract of the policy the plaintiffs had

**1. FIRE insurance: policy: conditions: other insurance: evidence.** other insurance, the burden rests upon it to prove the fact pleaded. It must show, with reasonable clearness to satisfy the mind, if not with certainty, that the policy in suit does cover the same property, or a part of it, described in the language of the policy just quoted. This cannot be presumed, but must be shown by the language of the policies and other proper evidence applying the instruments to the property intended to be covered, the subject of the contract. The language of the policies does not show that the hay covered by the policy in suit is insured by the prior policy. That instrument insures hay in a barn situated upon a section of land, but the part of the section where it is situated is not given, and no particular description of its locality is stated or shown by the evidence. The other policy covered hay situated upon the cultivated part of an eighty acre tract of land. It is shown that the eighty acres is a part of the section; but there is not one word of evidence from which the inference may be drawn that the barn in which the hay insured under the policy in suit was burned was upon this eighty acre tract. The evidence wholly fails to show that the hay was covered by the Des Moines company's policy. One of the plaintiffs enumerated in his evidence all the buildings owned by them on the section, and stated they had no others, though they owned other land; but he fails to state that the hay was upon the eighty acre tract covered by the first insurance. Another witness for the plaintiffs testified that "there was other hay destroyed by this same fire besides that contained in this barn. It was contained in corn cribs and between; some in press barn, some in sheds, and three other places." It would be more reasonable to infer that the hay covered by the first policy was the hay referred to by this witness as not being destroyed in the barn. The inference is supported by the further facts that the barn was built after

the first policy was issued, and that one of the parties to whom the Des Moines company's policy was issued, and who assigned it to the plaintiffs, testifies that "the barn was not completed when the Des Moines insurance policy was taken out. That policy, I know, was not contemplated to be on that barn, but on other hay. I know I got that hay before I had my barn done." This evidence is not contradicted by other testimony, and was not objected to when given; indeed, it was drawn out by the defendant upon cross-examination of the witnesses. We reach the quite satisfactory conclusion that it was not shown by the record that the Des Moines company's policy covers the hay insured by the defendant.

III. Instructions were given to the effect that the Des Moines company's policy covered all the hay on the premises, the eighty acre tract, during the life of the policy, and that, if the barn insured under the policy in suit was upon the cultivated part of the tract, there was a double insurance, against the condition of the policy, and a verdict should be for the defendant. We need not inquire into the correctness of this and other instructions upon this branch of the case, for the reason that, as we have shown, there was no evidence showing the location of the barn insured to be upon the eighty acre tract, there could be no prejudice resulting, even were the instructions erroneous, which would demand the reversal of the case.

IV. The plaintiffs sent a written notice of the loss to the defendant a day or two after the fire, and the next day sent an affidavit showing how the loss occurred. This notice and affidavit were received by the defendant on successive days. It is not claimed that their contents, taken together, are not sufficient; but it is insisted that they fail to comply with the law, for the reason that they were not received together at the same time, and that, as the

2. ——: proofs of loss: requirements of statute.

statute provides for a written notice of loss, "accompanied by an affidavit stating how the loss occurred" (Laws 1880, chapter 211, section 3; Miller's Code, p. 299), neither notice nor affidavit was sufficient, and together were not a compliance with the statute, and were therefore not admissible in evidence. The position of counsel is that the two papers must be sent and received at the same time, to be a compliance with the law, and sufficient. The language of the statute requiring the notice to be accompanied by an affidavit does not mean that the two papers shall be attached together and delivered at the same minute; but it is sufficient that they shall be both in the hands of the defendant within the time prescribed for giving notice. The notice may precede or follow the affidavit, and it will be sufficient if, within the time it may be given, it is "accompanied" by an affidavit in the hands of the defendant. This view is evidently in accord with the reason and spirit of the statute.

These considerations dispose of all the questions raised by the defendant's counsel. The judgment of the district court is AFFIRMED.