CATHERINE SWEENEY, Administratrix, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Where an applicant for a life insurance policy warrants his answers to be true, and the policy provides that the answers in the application shall form a part of the contract and that any untrue answer will render the policy void, the answers of the applicant in relation to the extent of his use of intoxicating liquors and to hemorrhages are warranties.

Answers in an application for a life insurance policy, when warranties, are conditions precedent and form the basis of liability on the policy, and hence in an action on the policy the burden of proving their truth rests upon the plaintiff, on the principle that a party cannot recover on a conditional contract until he shows his compliance with the conditions.

The rule of evidence which in many instances permits a *prima facie* case to be made out by presumption, until something is shown to rebut it, is one of convenience merely, made to facilitate the trial of causes and to prevent undue hardship ; e. g. where answers in an application for an insurance policy are not in dispute or relate to matters which were peculiarly within the knowledge of the deceased applicant.

The presumption which suffices to sustain *prima facie* the truth of a warranty lifts, but does not shift, the burden of proof which remains where the law first casts it, on the plaintiff.

DEFENDANT'S petition for a new trial.

*September* 16, 1895. STINESS, J. By the terms of the policies of insurance issued by the defendant the answers and statements in the printed and written applications for the policies are made a part of the contract ; the applicant declares and warrants that the representations and answers made are strictly correct and wholly true ; that they shall form the basis and become part of the contract of insurance if any be issued, and that any untrue answer will render the policy void.

Whether statements which obviously cannot lie within the knowledge of the applicant, and which both parties must know are to be given upon information and belief, must be

taken to be warranties is a question which we need not decide; but that the above provisions constitute a warranty of the truth of the statements in the application, so far as they rest upon the applicant's own knowledge, is beyond question. *Wilson* v. *Conway Fire Ins. Co.*, 4 R. I. 141; *Lyons* v. *Providence Washington Ins. Co.*, 14 R. I. 109; *Jerrett* v. *John Hancock Ins. Co.*, 18 R. I. 754; *McCoy* v. *Metropolitan Life Ins. Co.*, 133 Mass. 82; *Cobb* v. *Covenant Mutual Benefit Co.*, 153 Mass. 176; *Metropolitan Life Ins. Co.* v. *McTague*, 49 N. J. L. 587. Without multiplying citations we quote the language of Mr. Justice Hunt in *Jeffries* v. *Life Ins. Co.*, 22 Wall. 47: "Many cases may be found which hold, that where false answers are made to inquiries which do not relate to the risk, the policy is not necessarily avoided unless they influenced the mind of the company, and that whether they are material is for the determination of the jury. But we know of no respectable authority which so holds, where it is expressly covenanted as a condition of liability that the statements and declarations made in the application are true, and when the truth of such statements forms the basis of the contract."

The statements in question in this case being warranties, we are called upon to decide whether the trial judge correctly charged the jury that the burden of proof was upon the defendant to show the falsity of any answer set up in defence. There are many cases which lay down this rule, upon the principle that the burden of proving an issue is upon the party who raises it. *Spencer* v. *Citizens' Mut. Life Ins. Association*, 142 N. Y. 505; *Russell* v. *Fidelity Fire Ins. Co.*, 50 N. W. Rep. (Iowa) 546; *Sutherland* v. *Standard Ins. Co.*, 84 Iowa, 93; *Continental Fire Ins. Co.* v. *Rogers*, 119 Ill. 474. *Mowry* v. *Home Life Ins. Co.*, 9 R. I. 346, appears to be to the same effect, but that case related to the value of the plaintiff's insurable interest in the life of an uncle for which he had taken a policy. The charge to the jury was that the plaintiff must show that he had an insurable interest in the life of his uncle, but, as the value of such interest was a matter of opinion and estimate, the

burden was on the defendant to show that the alleged indebtedness and business relations out of which the interest sprung were no foundation for the estimate of the plaintiff and the large amount of insurance obtained.

Cases like those cited above rest upon a correct principle when it is applied to defences set up outside of the terms of the contract. But they leave out of view another equally correct and more pertinent principle that a party cannot recover upon a conditional contract until he shows that he has complied with the conditions. To depart from this principle would be to make a new contract for the parties. The rule of law is well stated by Ames, C. J., in *Wilson* v. *Hampden Fire Ins. Co.*, 4 R. I. 159, as follows: "It is clear, however, upon principle, to use the words of Mr. Justice Washington, in *Craig* v. *The U. S. Ins. Co.*, 1 Peters's C. C. R. 410, that where the assured has entered into a warranty, he cannot recover against the underwriters 'without first averring and proving performance of these stipulations;' and see 2 Phillips on Ins. 2d ed. 753; 2 Arnould on Ins. 1262, 1235. The burden of proving the performance of all warranties made by him rests upon the assured; and although this burden may be *lifted* by presumption merely, as in case of the implied warranty of seaworthiness it is held to be, yet this cannot *shift* the burden, which remains, notwithstanding the *prima facie* case thus made out by the plaintiff, where the law first casts it, to the end of the trial." We think that this case lays down the correct rule. It is the rule which applies to all contracts, and a policy of insurance is a contract. Rules of evidence, however, involving only the mode of procedure in a case must be largely within the discretion of the court, in order to be practicable, and so, many things are allowed to go by presumption, or with slight proof, to make a *prima facie* case, until something appears to controvert it. But this rule of convenience does not relieve a party from any of the obligations of his contract. Thus, it has become common in suits on promissory notes simply to produce the note to make out a *prima facie* case; the presumption of signature, consideration and other incidents fol-

lowing. The same presumptions are usually admitted with reference to a deed, and other like cases are readily conceived. When a man solemnly executes a paper upon which he is to base a contract, there is a natural presumption that what he says in it is true, in the absence of anything to contradict it. Rules of evidence are made to facilitate the trial of cases and not to render a trial impossible, and many of the answers required, which lie peculiarly within the knowledge of the applicant himself, it would be unduly burdensome, if not quite impossible, for another to prove, after the applicant is dead. Some relate to ancestors and relatives, their ages and diseases; others to his own diseases, from childhood up. Now while some of these at any rate, may be warranties, it would be a great hardship to require full evidence of the truth of every answer, affirmative and negative, when many of them may not be in dispute at all. They may be sustained *prima facie* by the presumption of truth which attaches to a man's solemn acts and declarations in the course of a contract. "On the other hand," said Mr. Justice Miller, in *Piedmont, etc., Life Ins. Co.* v. *Ewing*, 92 U. S. 377, "it is no hardship, that, if the insurer knows or believes any of these statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer whose truth he proposes to contest; and, if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded." This states a reasonable rule of procedure. The plaintiff must prove certain essential facts, like the issue of the policy, payment of premiums, death of the assured, notice as required and the general performance of conditions; but to say, because answers are warranties, that the truth of every one must be *proved* by witnesses before recovery, as claimed by the defendant, would be manifestly unreasonable. Judge Miller pertinently asks, how can it be proved that a man who has lived forty or fifty years has never had dyspepsia or diarrhœa? In the case just cited, he also said that the answers were warranties, but that the burden of proving them to be false was upon the defendant. We cannot agree with the last

proposition.    Notwithstanding our high respect for his decisions, we prefer his reasoning to his conclusion.

Judge Gray said, in *McLoon* v. *Commercial Mut. Ins. Co.*, 100 Mass. 472 : "The nature and form of the warranty may affect the amount of evidence to be required of the plaintiff in the first instance ; but whether the terms used are affirmative or negative, the warranty is equally a condition precedent, performance of which must be proved by the plaintiff in order to maintain an action on the policy."

Properly analyzed, *Mowry* v. *Home Life Ins. Co.*, *supra*, is not opposed to the view which we have taken.    The charge of the trial judge, which was sustained, laid down the rule that the plaintiff must show that he had an insurable interest in the life of his uncle ; that this would not be sustained by showing claims which were a mere pretext for insurance ; but as the value of the interest was a matter of estimate and opinion (which could not, therefore, have been understood by the company to be an absolute statement), the burden of showing that his estimate was fraudulent was upon the defendant.

While we are aware that there are many cases, as we have said above, which put the burden of proving the falsity of a warranty in insurance cases upon the defendant, we cannot follow them, because we believe such a rule to be contrary to the well established law in regard to warranties in other cases.    Doubtless, in some of them, confusion has arisen from the rule in regard to warranties of quality, &c., in cases of the sale of property.    But, as pointed out by Shaw, C. J., in *Dorr* v. *Fisher*, 1 Cush. 271, this is a collateral stipulation, which does not prevent the vesting of title nor the right to sue for the purchase money, because the contract is completed.    The purchaser can sue for a breach of the warranty, and the burden would be upon him.    To avoid circuity of action he is allowed to set up in defence under the same burden.    But this rule does not apply to a warranty which is made a part of the contract.    *Wilson* v. *Hampden Fire Ins. Co.*, *supra*.    To put the burden on the defendant practically reduces the warranty to a representation and so

modifies the contract of the parties. However much a court may disapprove of the form of a contract, it has no right to change it. In other cases the rule has doubtless been stated with the same meaning which we have indicated above, viz., that the defendant must first offer proof of the falsity of answers which are attacked. See *Crowninshield* v. *Crowninshield*, 2 Gray, 524.

Our conclusion is that the answers in the application are to be taken as warranties ; that the burden of proving their truth rests upon the plaintiff, and that this burden may be lifted not shifted, as to matters which only remotely affect the right of action, by the presumption in favor of honesty and against fraud, until something appears to rebut it.

The answers objected to in this case related to the extent of use of intoxicating liquors by the deceased and to hemorrhages. The burden is upon the plaintiff to prove their truth, if they are attacked, and as the jury were instructed to the contrary a new trial must be granted.

*Samuel R. Honey, J. Stacy Brown & Frank F. Nolan,* for plaintiff.

*Andrew J. Jennings, James M. Morton, Jr., & Michael W. Callaghan,* for defendant.