PETER A. FAY *vs.* JOHN L. HUNT & another.

Middlesex. November 13, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil. Bills and Notes. Contract*, Consideration.

If a party who has taken many exceptions at a trial submits his case to this court on a brief those exceptions not argued in his brief will be treated as waived, although he states in his brief that he relies on all the objections set forth in his exceptions.

A defendant sued on a promissory note cannot show, in the absence of fraud, that he did not know the contents of the note when he signed it and thought that another person was the payee.

The holder of a promissory note can maintain an action on it without showing any beneficial interest.

A promise to end proceedings, in which a defendant has been arrested on an execution under R. L. c. 168, § 1, cl. 3, on the ground that he is an attorney at law and that the debt was for money collected by him for the plaintiff which he unreasonably neglected to pay to the plaintiff, is a good consideration for a promissory note signed by the defendant as maker and by another as surety, and the consideration is good against the surety as well as against the maker.

Under R. L. c. 173, § 48, the refusal of a presiding judge to allow a defendant to
amend his answer is a matter of discretion, and, if the judge thinks that the
purpose of an amendment is vexation and delay and not to enable the defendant
to make a legal defence, it is proper for him to deny the motion to amend.

THE following statement of the case is taken from the opinion
of the court:

This is an action on a promissory note signed by the defend-
ant Hunt as principal and the defendant Holt as surety.

It appeared at the trial that the plaintiff Fay, an attorney at
law, brought an action in the Lowell Police Court in the name
of one Hall, for the benefit of the Boston and Maine Railroad
against the defendant Hunt, and recovered judgment.    From
this Hunt took an appeal to the Superior Court and the defend-
ant Holt became surety on the appeal bond.    Judgment for the
plaintiff was recovered in the Superior Court, execution issued,
and the defendant Hunt was arrested under what is now R. L.
c. 168, § 1, cl. 3, last paragraph, that is to say, on the ground that
Hunt was an attorney at law and that the debt sought to be
recovered was for money collected by the defendant for the
plaintiff and Hunt unreasonably had neglected to pay the same
to the plaintiff.    At a hearing in these proceedings the plaintiff
offered to end the proceedings if Hunt would pay the costs to
that date in cash, and, with the defendant Holt as surety, give a
note for the balance of the judgment.    The defendants agreed
to do this.    The costs were paid in cash, and the defendants
executed and delivered to Fay the note of which the note now in
suit is a renewal, the defendant Hunt believing, so he testified,
that the payee was the Boston and Maine Railroad, until after
the note had been put in the bank.    This note was discounted at
a Lowell bank, and when it came due the defendants executed
and delivered the note in suit in renewal, with the consent of
the plaintiff.

On the day before the trial both counsel stated to the judge
that they were ready for trial.    After the jury was empanelled,
the defendant Hunt moved to amend the answers by adding as
a defence duress in obtaining the original note in renewal of
which the note in suit was given.    The motion had been filed
two days before the trial, and notice was sent to the plaintiff.
The presiding judge refused to allow the amendments because

he thought they came too late in a case where the attorney who filed the answers was himself a defendant and necessarily familiar with all the facts. To this refusal the defendants excepted.

The defendants offered the record of the proceedings in the Police Court of Lowell to show the amount of the original judgment and the course of proceedings in the police court, but the judge excluded the evidence and the defendants excepted.

The defendant Hunt offered evidence to show that the proceedings in the police court seriously affected his health and their influence in inducing him to sign the note; but the judge excluded the evidence and the defendant excepted.

The defendant asked for the following rulings: (1) That Fay is not a holder of the note in the case in good faith and for a valuable consideration. (2) That he is not a holder in due course. (3) That the note " is subject to the same defences as if it were non-negotiable." (4) That Fay must show that he has a good title to the note. That the evidence does now show that Fay has a good title to it. (5) That if Fay obtained the note or any signature thereto by fraud, duress, or force or fear, or other unlawful means or for any illegal consideration, he has no title to it and cannot maintain this action. That he did obtain the note by duress and fraud. (6) That the defendant Holt is an accommodation party, and is liable to Fay only in case he received a valuable consideration, and no consideration to him has been shown in this case. (7) That the burden of proof is on the plaintiff to show that there was a lawful promise and a legal and valuable consideration for the note in this action, and that the note was taken in good faith, and that the plaintiff is a holder in due course, and by a good title, and that if he does not furnish such proof in these respects, he cannot maintain this action. (8) That the plaintiff is limited to his pleadings, and to the transaction of the note in question. (9) That there was no previous debt or demand of the plaintiff for which the note was given, and that it was *nudum pactum*. (10) That the plaintiff has furnished no sufficient evidence to maintain this action.

The judge refused to give the rulings requested, and instructed the jury that the plaintiff could maintain the action although he

had no personal interest in the note ; to this refusal and instruc-
tion the defendants excepted. Instructions to which no excep-
tion was taken were given in regard to the burden of proof and
the necessity for a consideration for the note.

The jury returned a verdict for the plaintiff for the amount
of the note with interest.

The case is here on these exceptions.

*J. L. Hunt,* for the defendants.

*P. A. Fay, pro se.*

LORING, J. [After the foregoing statement of the case.]
The defendants in their brief state that they rely upon all
objections set forth in the exceptions. None, therefore, are
waived. We do not think it necessary, however, to notice those
not argued.

The law presumes, in the absence of fraud, that the defend-
ants read the note signed by them. *Grace* v. *Adams,* 100 Mass.
505.

The holder of a promissory note who has no beneficial interest
in it can maintain an action on it. *National Pemberton Bank* v.
*Porter,* 125 Mass. 333. *Haskell* v. *Avery,* 181 Mass. 106.

There was evidence of a consideration for the original note in
the promise to end the proceedings in the police court if the note
was given. It further appears, if material, that this promise has
been kept; no further proceedings in the police court were ever
taken. If the defendants had wished to have those proceedings
dismissed of record, they could have had that done.

Holt, the surety, is liable if he gave the note in consideration
of the promise to end the proceedings in the police court. If
authority were needed for this it may be found in the case relied
on by the defendants, *Sumner* v. *Williams,* 8 Mass. 162.

The amendment of the answer was a matter entirely within
the discretion of the Superior Court. R. L. c. 173, § 48. *Rich-
mond Iron Works* v. *Woodruff,* 8 Gray, 447. *Smith* v. *Whiting,*
100 Mass. 122. If the presiding judge was satisfied that the
purpose of the amendment was vexation and delay and not the
setting up of what was honestly thought to be a defence, it was
proper to refuse the defendants' motion.

*Exceptions overruled.*