WILLIAM D. CANNON, JR., & another *vs.* WILBUR F. BURRELL.

Plymouth. November 22, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Contract,* Validity. *Sale. Evidence.*

In an action for goods sold and delivered, it appeared that the defendant ordered the goods upon a printed blank of the plaintiff, which he signed after having had an ample opportunity to read and understand it. In this instrument it was stated that the signer had "no agreement or understanding with salesman except as printed or written on this order" and that separate verbal or written agreements with salesmen were not binding upon the plaintiff, also that all conditions of sale must be shown on the order, "this sale being made under inducements and representations herein expressed and no others." The defendant offered evidence that he bought the goods upon certain oral representations made by a salesman of the plaintiff and that he shipped back the goods to the plaintiff when he found that the representations were false. The trial judge ruled that the defence that the defendant was induced to enter into the contract by false representations of the plaintiff's agent was not open to the defendant, and that the evidence to that effect offered by the defendant was immaterial. *Held,* that the ruling was right; that the contract was valid and binding, and that by it the defendant expressly had agreed that no salesman of the plaintiff had authority to change the terms of the contract in writing by any inducements or representations.

LORING, J. This is an action by individuals doing business under the name of the French and American Importing Com-

pany, for goods sold and delivered under an order on that company signed by the defendant, whose place of business was in Rockland. The order was made out on a printed blank, and stated *inter alia* that the goods were ordered "in accordance with all the terms above specified; which we have carefully read and find it to be complete and satisfactory. We have no agreement or understanding with salesman except as printed or written on this order." In the "terms of sale" "above specified" is the following provision: "Separate verbal or written agreements with salesmen are not binding upon French and American Importing Co. All conditions of sale must be shown on this order, this sale being made under inducements and representations herein expressed and no others."

"The defendant read, or had ample opportunity to read and understand, the contract before so signing."

The defendant at the trial offered evidence that he was induced to buy the goods by an oral representation made by one Brainerd, the plaintiff's salesman, that "he [the salesman] would give him [the defendant] exclusive sale of said goods in Rockland and vicinity."

The defendant proved by Brainerd that he carried "a line of samples . . . and used the same line of samples in selling goods under the name of the French and American Importing Company and under the name of W. D. Cannon and Company." The salesman also testified that while the goods were "substantially similar," they were "put up differently," "and the list of goods was different." The salesman admitted in his testimony that "he said he would give the defendant the exclusive sale of the French and American Importing Company goods in the boot and shoe trade in Rockland."

The defendant then testified that on the day the goods ordered were delivered at his store, and after they were delivered, he learned that the W. D. Cannon and Company goods were for sale in Rockland under a contract made with the plaintiffs through the same salesman. The defendant thereupon shipped the goods back to the plaintiffs, but the plaintiffs refused to take and did not take them back.

The case was heard by a judge of the Superior Court without a jury. On this evidence the judge "did not pass upon the

claim made by the defendant that he was induced to enter into said contract by reason of false representations on the part of Brainerd, as . . . [he] . . . did not deem the question open to the defendant or material, in view of the contract in writing made by the parties," and gave certain rulings asked for by the plaintiffs, to which the defendant took exceptions. The judge found for the plaintiffs, and the case is here on these exceptions.

The defendant was bound by the terms of the contract made in writing by and between him and the plaintiffs. *Grace* v. *Adams,* 100 Mass. 505. *Wood* v. *Massachusetts Mutual Accident Association,* 174 Mass. 217. *Nourse* v. *Jennings,* 180 Mass. 592. *Fay* v. *Hunt,* 190 Mass. 378.

By agreeing that " separate verbal or written agreements with salesmen are not binding upon " the plaintiffs, and that the sale was " made under inducements and representations herein expressed and no others," the defendant agreed with the plaintiffs that in making the contract he would deal with the plaintiffs' salesman on that basis and no other. That is to say, on the basis that the salesman had no authority to change the terms of the written contract by any " inducements," " representations " or " separate verbal or written agreements." Such an agreement is binding. *Kyte* v. *Commercial Union Assur. Co.* 144 Mass. 43. *Porter* v. *United States Ins. Co.* 160 Mass. 183. *Equitable Manuf. Co.* v. *Biggers,* 121 Ga. 381. *McCormick Harvesting Machine Co.* v. *Allison,* 116 Ga. 445. *Furneaux* v. *Esterly,* 36 Kans. 539.

For these reasons the presiding judge was right in not passing upon the claim made by the defendant that he was induced to enter into the contract by reason of false representations on the part of the salesman.

*Exceptions overruled.*

*W. J. Coughlan,* for the defendant.
*C. R. Darling,* (*G. F. Wales* with him,) for the plaintiffs.