Jones, P. J.
This is an action of contract in which the plaintiff seeks to recover the sum of $135.00 said sum being the alleged balance on a promissory note, copy whereof is annexed to plaintiff’s declaration. The answer is a general denial that the defendant had made the promissory note declared upon; further answering that if the defendant did sign the note that the signature on said note as alleged in plaintiff’s declaration was procured through fraud and misrepresentation on the part of the plaintiff, its agents or servants; further answering, that the note was without consideration. All the material evidence is reported. Defendant filed no brief.
At the trial there was evidence tending to show the following: The note declared upon, copy of which is annexed to the declaration, was admitted in evidence. The defendant testified that he had worked for the Roxbury Carpet Company for about nine years; that about four years ago he had a talk with a representative of Federal Schools, and that he worked at the Roxbury Carpet Company at that time; that he was interested in his work as a carpet designer; that this representative of Federal Schools said that he was selling a course on carpet designing, and this representative said that this course was ■just what the defendant wanted; that he signed a big folder; that he received one lesson headed “Commercial Designing”; that this lesson had nothing to do with carpet designing; that it was all about heads, human, while carpet designing is more floral; that he wrote the Federal Schools about it and never received any more lessons; that the course called for twelve lessons; that he received-no papers excepting for the first lesson; that this was *242 almost four years ago; that he paid $10 for materials and $5 for the first lesson; that the next he heard was from two lawyers in Boston.
The Court found the following further facts:
“The occupation of the defendant was that of a carpet designer. He was interested in the course of instruction upon carpet designing. The defendant was told by a representative of the plaintiff that said representative was selling a course in carpet designing and that the plaintiff’s course entitled ‘Commercial Designing and Illustrating’ was that course. This course so entitled was not in fact a course upon carpet designing. After receipt of the first mailed lesson the defendant wrote and directed the attention of the plaintiff to the difference and no further lessons were received from the plaintiff by the defendant. I find that the enrollment application executed by the defendant, and the note executed by the defendant and upon which the plaintiff relies were caused to be executed by misrepresentation and fraud. The said note was obtained by the plaintiff as a result of the direct misrepresentation and fraud exercised by a representative of the plaintiff upon this defendant.”
The Court found for the defendant.
At the close of the trial and before final argument, the plaintiff made the following requests for rulings:
“1. On all the evidence the plaintiff is entitled to recover for the reasons that
a. The introduction and admission in evidence of the note declared upon made out a prima facie case for the plaintiff.
b. Defendant introduced no evidence to rebut the plaintiff’s prima facie case.
2. There is no evidence to warrant a finding by the Court that there was such fraud practised upon the defendant which would serve to vitiate the note declared upon.
3. In view of the pleadings the fact that the defendant did not receive the course or the lessons; as; more *243 fully described in the contract, will not, as a matter of law, in and of itself, bar the plaintiff from recovery.”
The Court’s disposition of the plaintiff’s requests for rulings, was as follows:
“If £A’ and £B’ are to be regarded as separate requests, £A’ is allowed and £B’ is denied; otherwise request 1 is denied; request 2 is denied; request 3, is allowed.” The question is: “Did the Court below err in its denial to rule as requested by the plaintiff?” We think that it did.
In the case of Colonial Development Corporation v. Bragdon, 219 Mass. 170, 173, 174, Rugg, C. J., said at page 173, speaking of a written contract upon which an action was brought, “No agent of this company has authority ... to make any reference, representation or agreement not contained in this contract, and none not contained herein shall be binding upon the seller, or in any wise effect (sic) the validity of this contract or form any part thereof, but all statements made have been merged and set forth herein” and, in this case defendant “was allowed to introduce evidence tending to show, and the jury found, that he was induced to sign the contract by reason of false, material representations knowingly made by the authorized agent of the plaintiff.”
And the Court in this case went on to say,—
“The question is whether these facts or findings constitute a defense to an action on this contract. The representations plainly were fraudulent in their nature and, apart from the paragraph of the contract quoted at length, would invalidate any agreement made in reliance upon them. But the parties chose, after all the preliminary statements and negotiations were ended, to put the contract in writing. It is not contended that the defendant was induced to sign that contract through any misrepresentation as to its con *244 tents or meaning. On the contrary his own evidence was that before signing he read it through and understood its terms. One of those terms, to which he himself assented, is that no agent of the plaintiff had any authority to make any representation not contained in the contract. Further stipulations to which he likewise assented were in substance, that every representation to which he would undertake to hold the seller was written in the contract, and every statement upon which he relied was set out in it. He intentionally and intelligently, without any trick, mistake, duress, covin for fraud as to its contents, signed this written contract, which was plain in its phraseology. In the light of the evidence and findings of the jury, it was a most unwise agreement for him to make. But he made it freely, when he knew what he was about. It is a fundamental principle of law that contracts in writing voluntarily executed with full knowledge of their contents by rational beings acting on their own judgment must be enforced.”
And, in the case at bar, like the case last quoted, there is a reliance upon the proposition that fraud vitiates every .contract, but this case is one of fraud antecedent to the contract and no defence is here.
The defendant relies on the proposition that fraud vitiates every contract. But there is a distinction between the fraud which is antecedent to a contract, and fraud which enters into the making of a contract. The present ease belongs to the former class. It constitutes no defense to an action on this contract. Nor does it afford grounds for an indepedent action. Cannon vs. Burrell, 193 Mass. 534; McCoy vs. Metropolitan Life Insurance Co., 133 Mass. 82.
This seems a hard case. But contracts freely made by intelligent persons cannot be abrogated simply because they are unwise. Colonial Development Corporation v. Bragdon, supra.
*245 In Cannon v. Burrell, 193 Mass. 534, the plaintiff sued for goods sold and delivered under an order on the plaintiff company signed by the defendant. The order was made out on a printed blank, and stated inter alla that the goods were ordered “in accordance with all the terms above specified; which we have carefully read and find it to be complete and satisfactory. We have no agreement or understanding with the salesman except as printed or written on this order”. In the terms of sale above specified is the additional provision: “Separate verbal or written agreements with salesmen are not binding upon French and American Importing Companies (the plaintiff). All conditions of sale must be shown on this order, this sale being made under inducements and representations herein expressed and no others.” In deciding this case the court at page 535 said, “the defendant read or had ample opportunity to read and understand, the contract before so signing”. In the trial of the case, heard by a judge without a jury, the court refused to pass upon a claim made by the defendant that he was induced to enter into said contract by reason of false representation on the part of the agent. This was held no error and the Supreme Judicial Court held, “The defendant was bound by the terms of the contract made in writing by and between himself and the plaintiff”.
By agreeing that “separate verbal or written agreements with salesmen are not binding upon” the plaintiffs, and that the sale was “made under inducements and representations herein expressed and no others” the defendant agreed with the plaintiffs that in making the contract he would deal with the plaintiffs’ salesman on that basis and no other. That is to say, on the basis that the salesman had no authority to change the terms of the written contract by any “inducements”, “representa *246 tians” or “separate verbal or written agreements”. Such an agreement is binding. Grace v. Adams, 100 Mass. 505; Wood vs. Massachusetts Mutual Accident Associates, 174 Mass. 217; Nourse v. Jennings, 180 Mass. 592; Fay v. Hunt, 190 Mass. 378.
In the case of International Textbook Company v. Martin, 221 Mass. 1, 7, the defense was that the defendant-was induced to sign the contract by false and fraudulent representations made by the plaintiff through its agent or servant. And the court at the bottom of page 7 said, “The defendant agreed that the agent was not authorized to change its (the written contract’s) conditions. Whatever the written contract meant, that was the contract and the only contract that the agent was authorized to make in behalf of the plaintiff and to that fact the defendant had agreed. Under that agreement of the defendant a representation by the agent as to the meaning of the written contract was not a representation which the agent was authorized to make or upon which the defendant had a right to rely”.
In the same case the Court further said, “The case at bar is one of the few exceptions to the general rule (as to which see Leary vs. William G. Webber Co., 210 Mass. 68, 74), that ordinarily it is not possible as a matter of law to direct a verdict in favor of the party who has burden of proof. In the case at bar the execution of the contract by the defendant was admitted by him and on the facts there was no question of the amount due. Under these circumstances it was proper to direct a verdict for the plaintiff as a matter of law . . . ”.
In the case at bar the plaintiff’s exhibit “B” which was annexed to and made a part of the report is entitled, “Enrollment Application for Complete Course of Practical Training in Commercial Designing and Illustrating”. *247 Clause E of this application reads as follows: “. . .it being understood that this instrument, upon such acceptance, will contain all, and the only agreements between Federal Schools, Inc., and myself, and that no agent or representative of the Federal Schools, Inc., and myself, and that no agent or representative of the Federal Schools, Inc. has made any statements or verbal agreements modifying, or adding to, the terms and conditions herein set forth.”
Clause F reads: “. . . After acceptance by Federal Schools, Inc., as herein set forth, the contract so made cannot be cancelled or revoked by either party, that no reduction in fees shall be made on account of my withdrawal or failure to complete the course, and that neither this contract nor the course of instruction and privileges as above stated shall be assignable by me without the written consent of the Federal Schools, Inc.”
The defendant in this case signed his name to this written application, and it was received in evidence by the trial court below. The note sued on was signed in like manner.
We are of the opinion that the above cited cases control the case at bar and although we feel that perhaps the contract was an unwise one for the defendant to make, yet in as much as on all the evidence disclosed by the record this contract was freely made, it cannot be abrogated simply because it is unwise.
The fraud complained of in the instant case was antecedent to a contract, and not fraud which entered into the making of the contract; and hence constitutes no defense to the present action. In as much as one of the terms to which the defendant himself assented was that no agent of the plaintiff had any authority to make any representations not contained in the contract he is to be bound *248 by the terms of that contract because the Courts of this Commonwealth will not make ag’reements for the parties by the process of surmise, conjecture, speculation as to what their intention was when they went into the contractual relationship.
Consequently, in the light of the law cited, prejudicial error was committed by the trial justice in refusing to grant the plaintiff’s requests for rulings and, since there has been a full hearing, let the entry be — Judgment for plaintiff on the declaration for the balance due.